IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:10CR225 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| MARCEL EDWARD PARKS, ) | |
| ) | |
| Defendant. ) | |

This case is before the court on the defendant's Motion for Disclosure of Confidential Informant (#16). The defendant is charged in an indictment (#1) with possession with intent to distribute 50 grams or more of crack cocaine, on May 27, 2010. The defendant moves to compel the disclosure of a confidential informant ("CI") whose information to law enforcement resulted in a search warrant. The defendant alleges that the disclosure of the confidential informant is necessary and relevant in the preparation of his defense, as it relates to constructive possession of cocaine.

### THE LAW

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro,* the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the considerations of public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of a confidential informant is not mandated, "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However,

if the informant acts as a mere "tipster," i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon*, 819 F.2d at 860. "In order to override the government's privilege of non-disclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to determination of the case." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991), *United States v. Hollis,* 245 F.3d 677 (8th Cir. 2001).

After applying the law to the facts of this case, I find the defendant has established beyond mere speculation, given the CI's direct involvement in a prior drug transaction at the defendant's apartment, that disclosure is material to the determination of the case. I find the government does have a legal obligation under *Brady v. Maryland*, 83 S. Ct. 1194, 1196-97 (1963) and the facts of this case, to reveal the identity of the confidential informant. Therefore,

**IT IS ORDERED:**

1. The Defendant's Motion for Disclosure of Confidential Informant (#16) is granted.

2. The government is ordered to reveal the identity of the confidential informant to the defendant fourteen (14) days prior to defendant's trial date.

3. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 6th day of August 2010.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge