IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CR225 |
| | ) | |
| v. | ) | |
| | ) | |
| MARCEL EDWARD PARKS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the government's motion for reconsideration of this court's order striking surplusage in the Indictment by reason of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 stat. 2372 (Aug. 3, 2010), Filing No. 48. The government's motion is based on an opinion issued January 12, 2010, by the Eighth Circuit Court of Appeals in United States v. Spires, 2011 WL 93826 (8th Cir. Jan. 12, 2010). On January 10, 2011, this court was advised that the parties had reached an agreement and that the defendant intended to enter a plea. It thus appears that the government's motion is untimely.

Further, the court finds that *Spires* does not affect this court's decision. The statement that the act is not retroactive and the defendant is subject to the penalties in place at the time he committed the crimes did not form the basis of the court's opinion and is dicta, just as a similar statement in United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010) is dicta. Moreover, neither case involved a defendant who had not yet been convicted at the time the FSA was passed.[1] *Spires* involves the propriety of a continuance

---

[1] Notably, to date, there have been no circuit court opinions dealing with the application of the FSA to defendants in the same position as this defendant–i.e., who were sentenced after August 3, 2010, for offenses committed before that date. *United States v. Green,* No. 6:08-cr-270, slip op. at 2 (M.D. Fla. Jan. 7, 2011).

of a sentencing pending Congressional consideration of proposed legislation. *See Spires, 2011 WL 93826* at *5. Concerns of finality are implicated in that situation that are not present in this case. Accordingly, the court finds that the motion for reconsideration should be denied.

IT IS HEREBY ORDERED that the government's motion for reconsideration (Filing No. 48) is denied.

DATED this _18th day of January, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Court Judge

---

There are, however, eighteen district courts that have ruled on the issue, eleven finding that the FSA should be applied in this circumstance and seven holding otherwise. *Id.* (collecting cases in attachment) (available at http://sentencing.typepad.com/sentencing_law_and_policy/2011/01/a-partial-account-of-deep-split-over-application-of-fsas-new-statutory-terms-to-pipeline-cases.html).

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.